The Railway Equipment and Publication Company, Respondent, *v.* The Lincoln National Bank, Appellant.

*General manager of a corporation — limitation of his authority to act — right to indorse checks — competency of the by-laws of the corporation on the question.*

A party has a right to assume, in respect to the officers of a corporation, that they possess the authority to act for the corporation in those capacities in which the corporation holds them out to be its representatives or permits them to act.

The fact that a person is represented to be the manager of the business of a corporation in no way authorizes the conclusion that he has the right to bind the corporation by his signature to commercial paper, where his duty is confined to opening the mail of the corporation, and transferring to the treasurer thereof whatever checks and moneys are found therein, it being the treasurer's duty to deposit them in the bank designated by its board of directors as the bank of deposit of the corporation, and the general manager being subject, in all that he does, to the executive committee of the corporation — no authority having been conferred upon him to act in reference to the financial affairs of the corporation, although the manager may in some cases have acted without the authority of the executive committee.

Upon the trial of an action brought by a corporation to recover the amount of its checks, fraudulently indorsed by its general manager, and alleged to have been converted by the defendant, the corporation has the right to show what, according to the by-laws which were to govern the officers of the company, their respective duties were.

Although its by-laws are not, so far as the public are concerned, conclusive evidence as to the duties of its officers, they are properly admitted in evidence as bearing upon the question whether there had been such deviation from the requirements of the by-laws, in respect to the management of the affairs of the corporation, that the defendant had the right to assume that the officers of the corporation had other powers than those which were committed to them by the by-laws.

Appeal by the defendant, The Lincoln National Bank, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of August, 1894, upon the report of a referee.

*B. H. Tabor*, for the appellant.

*De Witt C. Morrell*, for the respondent.

Van Brunt, P. J.:

The points presented by the counsel for the appellant on this argument contained about eight pages of facts alleged to have been

established by the evidence without a single reference to the folios of the evidence which it is claimed established those facts; and we might very well, in the disposition of this appeal, because of his flagrant violation of rule 40 of the General Rules of Practice, have refused to discuss in any particular the facts.

After having read the case with great care, it may not be improper to observe that we have been utterly unable to find any evidence to sustain the assertion of the establishment of many of the facts contained in this statement.

This action was brought to recover for the conversion of certain checks belonging to the plaintiff. It is conceded that these checks had been the property of the plaintiff, and the question was whether the defendant obtained a good title to them because of their indorsement in the name of the plaintiff by a man of the name of Sechrist, who occupied the position in the plaintiff corporation of general manager.

It is urged upon the part of the appellant that it is shown by the evidence that Sechrist was the general manager of the corporation; received all communications to the corporation; that all moneys collected from debts due or checks received in connection with the business first went into his hands as manager, and as such manager he collected and receipted for such moneys; that he executed contracts generally for the corporation, and that he was, in fact, the corporation so far as the management of the business was concerned. What might be the conclusion as to his authority in reference to the indorsement of these checks, had any such condition of affairs been established by the evidence, it is not necessary to discuss here, because the evidence establishes no such general authority upon the part of the manager in reference to the affairs of the corporation. It is not shown that he ever indorsed a check, except those, the proceeds of which he has stolen, or that he ever receipted a bill, or in fact that he ever had anything to do in respect to the financial affairs of this corporation. There is no evidence that he ever paid out any money. It is true that he certified vouchers and the treasurer paid the vouchers upon such certification. It is also true that he executed some contracts, being thereto authorized by the executive committee of the corporation. But he did not execute contracts generally, except perhaps such as might be called for by the

ordinary routine business of the corporation. And there is no evidence whatever that he had any authority to sign the name of the corporation to any piece of commercial paper.

It is undoubtedly true that, in respect to officers of corporations, a party has a right to assume that they possess the authority to act for the corporation in those capacities in which the corporation holds them out to be its representatives or permits them so to act. But in the case at bar there is no evidence that the corporation had ever permitted Sechrist to act in reference to the financial affairs of the corporation. He was subject to the executive committee in all that he did, and while perhaps he may have acted in some cases without the authority of the committee, there is no instance in which any authority is shown to have been conferred upon him to act in reference to the financial affairs of the company. The fact that he was held out as the manager of the business of the corporation in no way authorized the conclusion that he had the right to bind the corporation by his signature to commercial paper. This was out of his department. He had nothing to do with the finances of the corporation. All that he did was to receive and open the mail, and whatever moneys and checks were received in the mail, his duty was to transfer over to the treasurer, whose duty it was to deposit them in the bank designated by the board of directors as the bank of deposit of the corporation.

It further appears that these checks which were appropriated by the manager of this corporation were not collected in the ordinary manner in which commercial paper is collected. It appears that the checks which formed the subject of this litigation were given to a saloon keeper, who cashed them and deposited them with the defendant in this action. This saloon keeper cannot say whether he had not cashed fifty or one hundred similar checks for this man and indorsed in this way. Can it be said, when transactions are conducted in this irregular fashion, that the taker of paper under these circumstances is a holder without notice putting him upon inquiry in respect thereto ?

It was endeavored upon the part of the defendant to show that upon two occasions the party who cashed the checks went into the office of the company and, in the presence of the treasurer, had Sechrist in one case put a date upon some paper and in the other

amend his indorsement. The treasurer, who was a witness for the defendant, denies ever having been present upon any such occasion, and it is very doubtful if he was. The referee has chosen to believe the treasurer in that regard, and we see no reason to differ from his conclusion. The facts as established upon the trial show an utter want of authority upon the part of this manager to indorse these checks and collect the proceeds so as to bind the plaintiff.

The only exception to which it is necessary to call attention is that in respect to the admission of the by-laws of the corporation. We do not think that the referee committed any error in admitting these by-laws in evidence. The corporation had a right to show what, according to the laws which were to govern the officers of the company, their respective duties were. It is true that, as far as the public were concerned, these by-laws were not conclusive evidence. But it became necessary, upon the part of the defendant, to show that there had been such a deviation (if such were the fact) from the requirements of the by-laws in respect to the management of the affairs of the corporation, that the defendant had the right to assume that the officers of the plaintiff had other powers than those which were committed to them by the by-laws.

And, as has already been observed, the defendant has utterly failed to establish any such general authority upon the part of this manager as would make his indorsement binding upon the plaintiff.

The judgment should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.